# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| SEAN MARTIN, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | Civil Action No. 16-cv-09602 |
| v. ) | |
| ) | |
| I.C. SYSTEM, INC., ) | |
| ) | |
| DEFENDANT. ) | Jury Demanded |

## COMPLAINT

Plaintiff, Sean Martin, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA") and the Illinois Collection Agency Act, 225 ILCS 425, *et seq*. ("ICAA"), and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331, and pursuant to 28 U.S.C. § 1367 as to Plaintiff's state law claim(s).

2. Venue is proper in this District because parts of the acts and transactions occurred here and Defendant transacts substantial business here.

## STANDING

3. Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.

4. Specifically, Plaintiff suffered a concrete injury to his reputation as a result of Defendant's communication of false information to third parties in connection with its attempt to collect an alleged debt from Plaintiff.

## PARTIES

5. Plaintiff, Sean Martin ("Plaintiff"), is a resident of the State of Illinois, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed for a defaulted AT&T consumer utility account. Plaintiff is thus a consumer as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA, and a "debtor" as that term is defined in 225 ILCS 425/2 of the Illinois Collection Agency Act.

6. Defendant, I.C. System, Inc. ("ICS"), is a Minnesota corporation that does or transacts business in Illinois. Its registered agent is David Schultz, located 222 N. LaSalle Street, Suite 300, Chicago, Illinois 60601. (Exhibit A, Record from Illinois Secretary of State).

7. Defendant ICS is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

8. Defendant ICS holds a collection agency license from the State of Illinois. (Exhibit B, Record from Illinois Department of Financial & Professional Regulation).

9. Defendant ICS regularly collects or attempts to collect defaulted consumer debts, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

## FACTUAL ALLEGATIONS

10. Plaintiff incurred an alleged debt for goods and services used for personal family or household purposes, originally for an AT&T consumer utility account ("alleged debt"). The alleged debt is thus a "debt" as that term is defined at § 1692a(5) of the FDCPA.

11. Due to his financial circumstances, Plaintiff could not pay the alleged debt, and it went into default.

12. ICS purportedly purchased the alleged debt sometime thereafter.

13. ICS attempted to collect the alleged debt from Plaintiff.

14. In response to collection attempts by Defendant, Plaintiff consulted with the attorneys at Community Lawyers Group, Ltd., who, on April 29, 2016, sent a written communication to ICS indicating that Plaintiff disputed the alleged debt. (Exhibit C, Dispute Letter).

15. ICS received Plaintiff's dispute on April 29, 2016.

16. Plaintiff's letter stated, in part, that the amount reported is not accurate.

17. A statement that "the amount reported is not accurate" evinces the intention to dispute the validity of at least a portion of the purported debt. *Emerson v. Fid. Capital Holdings, Inc.*, No. 15 C 3416, 2015 WL 5086458, at *2 (N.D. Ill. Aug. 14, 2015).

18. Plaintiff purchased his Equifax credit report.

19. In September, 2016 ICS communicated credit information regarding the alleged debt to the Equifax consumer reporting agency, including a balance, an account number and the date reported. (Exhibit D, Excerpt of Plaintiff's Equifax credit report).

20. ICS communicated a balance of $119 on the alleged debt to Equifax.

21. ICS failed to communicate that Plaintiff's alleged debt was disputed when it communicated other information to Equifax regarding the alleged debt in September, 2016.

22. ICS had been notified more than four months prior of Plaintiff's dispute.

23. Even eleven days is sufficient time for a debt collector to update their records. *See Herbert v. Monterey Financial Services, Inc.*, 863 F. Supp. 76 (D. Conn. 1994) (holding that five days was enough time for a debt collector to update their records with information from a consumer's letter").

24. Credit reporting by a debt collector constitutes an attempt to collect a debt. *See, e.g., Rivera v. Bank One*, 145 F.R.D. 614, 623 (D.P.R. 1993) (a creditor's report of a debt to a

consumer reporting agency is a "powerful tool, designed in part to wrench compliance with payment terms from its cardholder").

25. Defendant materially lowered Plaintiff's credit score by failing to note Plaintiff's dispute.

26. A debt reported with no dispute results in a much lower credit score than a report of both the debt and the dispute. *Saunders v. Branch Banking and Trust Co. of VA*, 526 F. 3d 142, 146-47 (4th Cir. 2008).

27. 15 U.S.C. § 1692e of the FDCPA provides as follows:

> **False or misleading representations**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **. . . (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed. . . .**

28. In September, 2016, ICS knew or should have known that Plaintiff had disputed the alleged debt because Plaintiff had previously notified ICS of that dispute by letter on April 29, 2016.

29. Even though ICS knew or should have known, prior to September, 2016 that Plaintiff disputed owing the alleged debt, ICS failed to thereafter communicate the fact of Plaintiff's dispute to the Equifax credit reporting agency when ICS communicated other information regarding the alleged debt, in violation of 15 U.S.C. § 1692e(8).

30. 225 ILCS 425/9 of the Illinois Collection Agency Act provides as follows:

> **. . . (22) Disclosing or threatening to disclose information concerning the existence of a debt which the collection agency knows to be**

> **disputed by the debtor without disclosing the fact that the debtor disputes the debt. . . .**

31. Defendant disclosed information concerning the existence of a debt which they knew to be disputed without disclosing the fact that Plaintiff disputes the debt, in violation of 225 ILCS 425/9 of the ICAA.

32. A private right of action exists for violation of the ICAA. *Sherman v. Field Clinic*, 74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979).

33. In fact, statutes providing for administrative remedies (e.g. the revocation of a license, etc.) imply civil rights of action in Illinois. *Trull v. GC Servs. Ltd. P'ship*, 961 F. Supp. 1199, 1206 (N.D. Ill. 1997).

34. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I—FAIR DEBT COLLECTION PRACTICES ACT

35. Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

36. ICS failed to communicate the fact of Plaintiff's dispute to the Equifax credit reporting agency when ICS communicated other information regarding the alleged debt, in violation of 15 U.S.C. § 1692e(8), despite having knowledge of Plaintiff's dispute.

WHEREFORE, Plaintiff asks that the Court enter judgment in Plaintiff's favor and against each Defendant as follows:

    A.    Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

    B.    Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

    C.    Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

    D.    Such other or further relief as the Court deems proper.

## COUNT II—ILLINOIS COLLECTION AGENCY ACT

37. Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

38. Defendant disclosed information concerning the existence of a debt which they knew to be disputed without disclosing the fact that Plaintiff disputes the debt, in violation of 225 ILCS 425/9 of the ICAA.

WHEREFORE, Plaintiff asks that the Court enter judgment in Plaintiff's favor and against Defendant as follows:

    A.    Compensatory and punitive damages;

    B.    Costs; and,

    C.    Such other and further relief as is appropriate.

## JURY DEMAND

Plaintiff demands trial by jury.

By: s/Celetha Chatman
One of Plaintiff's Attorneys

Michael Wood
Celetha Chatman
**Community Lawyers Group, Ltd.**
73 W. Monroe Street, Suite 502
Chicago, IL 60603
Ph: (312) 757-1880
Fx: (312) 476-1362
mwood@communitylawyersgroup.com
cchatman@communitylawyersgroup.com

**Attorneys Lien**

Pursuant to the Illinois Attorneys Lien Act, 770 ILCS 5/1, Community Lawyers Group, LTD. ("The Lawyers") hereby serves notice upon Defendant(s), via registered agent, of its lien ("Lien") upon the present cause of action for an amount equal to reasonable fees and costs associated with litigating this matter, to be agreed upon between the parties or to be determined by the Court in which this action was filed. When fees and costs are determined by the Court, the Lien shall be equal to the amount determined by the Court. When fees and costs are agreed upon between the parties, the Lien shall be equal to the reasonable time records produced by The Lawyers, paid at the most recent approved hourly rate for each attorney in the Northern District of Illinois.